## PLAINTIFFS IN ALL WINSTAR–RELATED CASES AT the COURT, Plaintiffs,

v.

## The UNITED STATES, Defendant.

### Nos. 90–8 C, et al.

United States Court of Federal Claims.

May 31, 1996.

### *ORDER*

SMITH, Chief Judge.

While the court does not feel that the government's Motion to Adopt Special Case Management Procedures should be granted at this time, it is nonetheless sympathetic to the government's concerns about the need for some sort of rationalization of the savings and loan litigation. There are currently 120 cases pending in the court. The message provided to the court by the plaintiffs' counsel was not inconsistent with this concern. However, the plaintiffs legitimately focused on the unique characteristics of each case, and their individual needs for efficient resolution.

As the court noted at the close of the hearing, these cases are not fungible. Unlike most litigation to which procedures in the Federal Judicial Center's Manual for Complex Litigation (Third) may be applicable, the *Winstar* cases are very individualized, large contract-based claims. Their only evident commonality is that their contracts with the government were allegedly breached by the passage of FIRREA. The 120–plus contracts are each unique, each involved extensive negotiations with different officials within the government, and each had radically different terms and even purposes. If future proceedings occur, each case will rely on different discovery for the most part, different fact witnesses, and very different damage claims based on different factors and perhaps different theories.

Although these cases clearly differ fundamentally from those for which the Manual for Complex Litigation may be most helpful, such as mass tort cases, there may still be commonalities among cases or particular groups of cases. It is therefore in everyone's interest to identify such common fact or law issues not resolved by the Supreme Court decision. For example, does common discovery exist which can save resources for all parties? Are there general stipulations that can be agreed to which can expedite the goals of justice? Is there common expert testimony for which plaintiffs may be able to share the cost? Is there a way that the government may be spared having a single expert subjected to multiple depositions covering the same ground?

While the government has suggested a plaintiffs' counsel's committee to address common issues, the court at present sees no way of creating such a committee short of arbitrary designation. This the court will not do at this time. It would, however, be useful for counsel for plaintiffs to suggest some less unwieldy way of communicating their common views at the next hearing, rather than having 28 separate presentations. (Though this was helpful the first time.) The court would welcome suggestions on this topic.

While the shape of future substantive issues must await the Supreme Court decision, during this period several procedures could be explored for the expediting of the resolution of legal issues in the non-Supreme Court cases. Some examples that could ultimately prove useful: a government stipulation to liability in all "garden-variety" *Winstar* cases, if the earlier decisions are affirmed; sorting out non-*Winstar* issues like shareholder derivative claims; sorting out any "nongarden-variety" cases; dealing separately with cases where the government has a statute of limitations defense. There are no doubt others.

These cases, because of their complexity, huge dollar amounts, and distinct fact patterns, represent new territory and challenges

for managing complex litigation, unlike any explored before to this court's knowledge. The conversation begun by the government's motion will be very helpful, as will the willingness expressed by counsel for both the government and the plaintiffs to work towards rationalizing this litigation process. Even a small increase in efficiency, and hence speed, may save both sides large amounts. For this reason settlement is also particularly appropriate in these cases at this time. The court is most willing to provide the parties with any possible assistance in this regard.

Therefore, pursuant to RCFC 77(f)(1), and in accordance with the above discussion and the remarks made from the bench during the May 29, 1996 hearing, the court orders the following:

1) Defendant's Motion to Adopt Special Case Management procedures is DENIED at this time as premature.

2) All proceedings in all *Winstar*-related cases filed in the court will remain stayed until 30 days after the issuance of a decision by the United States Supreme Court in *Winstar Corporation, et al. v. United States.* In no event, however, will the current stay extend beyond July 31, 1996.

3) Upon the Supreme Court's issuance of a decision in *Winstar,* the court shall schedule a hearing to take place prior to the expiration of the stay, or not later than July 30, 1996. The court will issue a subsequent order informing all parties of the purpose and scope of the hearing.

4) The order does not apply to the cases currently pending before the Supreme Court. The order also does not apply to *American Savings Bank, et al., v. United States* (No. 92–872C), and *C. Robert Suess v. United States* (No. 90–981C). These cases will continue to be covered by prior orders issued by the court.

5) The Clerk of the Court is directed to send copies of this order to plaintiffs in all *Winstar*-related cases.

**IT IS SO ORDERED.**